**BURTON, INC., Plaintiff-Appellant, v. DURKEE et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22217. Decided November 26, 1951.

Ansel B. Curtiss, Leckie, McCreary, Schlitz, Hinslea & Petersilge, Cleveland, for plaintiff-appellant.

W. Dean Hopkins, McDonald, Hopkins & Hood, Cleveland, for defendants-appellees.

## OPINION

By SKEEL, PJ.

These appeals come to this Court on questions of law from a judgment entered by the Common Pleas Court of Cuyahoga County for the plaintiff on its petition, and for the defendants on their cross-petition.

The plaintiff filed its petition seeking a judgment for an amount claimed to be due from the defendants as the unpaid balance for the construction of a dwelling house on the property of defendants. The plaintiff claimed that the construction of the house was, by the terms of the contract between the parties, to be on a cost plus fee basis, and that a balance of $14,871.91 remains due and unpaid.

The defendants, by cross-petition, claim the contract was for a fixed price of $27,000.00, plus $2700.00 to be paid the plaintiff for overhead and profit. It is further claimed that the plaintiff failed to finish the work and that the defendants expended $8800.00 for that purpose and that the defendants overpaid the plaintiff about $4000.00 after allowing all proper charges for extras.

The Court found for the defendants on the issue of what the contractor was to receive, that is, that the contract was for the fixed amount of $27,000.00 and $2700.00 fee. The Court also found that the plaintiff, in addition to said amounts, was entitled to a ten percent "tolerance" and after allowing for extra work or costs incurred because of change of plans, and deducting therefrom the cost of finishing the building of about $2000.00 after the plaintiff left the job, there was due the plaintiff $5558.66.

Both parties gave notice of appeal, which appeals have been presented together on questions of law.

Plaintiff claims the following errors:

"1. The court's finding of fact upon which the judgment and decree are grounded are:

(a) inconsistent with the facts plead by both parties.

(b) Contrary to the undisputed evidence.

(c) unsupported by any evidence.

(d) against the great weight of the evidence.

(e) in conflict with and contradictory of the postive, clear an unambiguous language of that portion of the contract which the parties had reduced to writing or "integrated."

2. The Court erred in awarding to plaintiff interest on the principal amount found due it only from the date of the decree.

3. On the undisputed evidence in the record, the judgment and decree should have been for the plaintiff in the full amount claimed by it.

4. The Court erred in overruling plaintiff's motion for new trial."

The defendants claim the following errors:

"1. That Finding of Fact No. 8 is not supported by evidence, is contrary to the clear and uncontradicted evidence, and is against the weight of the evidence."

Finding of Fact No. 8 is as follows:

"Two thousand dollars was the reasonable cost to defendants of the work and materials for said house for which defendants paid persons other than the plaintiff, but for which plaintiff was obligated to pay by its original contract with the defendants."

Prior to September 22, 1948, Mr. Charles A. Burton, president of the plaintiff company, and Harvey B. Durkee had a number of preliminary talks about the plaintiff corporation building a residence for the defendants. As a result of these negotiations, the parties came to an oral agreement whereby plaintiff was employed to construct the defendants' residence on defendants' property on Clubside Road in the City of Lyndhurst. After such agreement was concluded, the plaintiff wrote defendants a letter dated September 22, 1948, to which the defendant, Harvey B. Durkee, replied on September 23, 1948. The letters were as follows:

"September 22, 1948.

Mr. Harvey B. Durkee
2459 Charney Road
University Heights
Cleveland 18, Ohio
"Dear Mr. Durkee

This letter is to confirm verbal agreement entered into Sep-

tember 22, 1948. between Harvey B. Durkee,—owner, and Charles A. Burton, Inc., Contractor, outlining the terms and general conditions under which a new house is to be built on Owner's Sublot No. 28 Club Side Road, Lyndhurst Park Estates, Lyndhurst, Ohio, according to plans drawn by Richard D. Mumper & Associates, Designers.

The Contractor is to have full charge of the work with the exception of heating, wiring and KITCHEN EQUIPMENT which will be let directly by the Owner. The balance of the work is to be done on a cost-plus-a fixed-fee bases. The fee agreed upon is $2700.00. The job costs are to include all materials, labor, permits, taxes, and insurance, and all other costs and expenses incurred directly with the work, including Charles A. Burton's time actually spent on matters pretaining to this job, either in the office or the field, at the rate of $2.625 per hour.

The Contractor agrees to place Henry J. Lippert in charge of this job, and not to take him off for any of the Contractor's other construction work except in an emergency.

The Contractor agrees to start the job promptly and to complete the work as rapidly as conditions permit.

The Contractor will render monthly detailed statements of expenditures. The Owner agrees to pay the Contractor once a month for said expenditures.

(signed) Harvey B. Durkee
Harvey B. Durkee, Owner

(signed) CHARLES A. BURTON INC. Contractor
By Charles A. Burton, President."

"H. B. DURKEE ELECTRIC CO.

September 23, 1948.

Charles A. Burton, Inc.
1836 Euclid Avenue
Cleveland, Ohio.

Dear Mr. Burton:

Enclosed please find signed agreement as outlined per our verbal conversation and one important item we should keep in mind. The total cost which we aim to build this house for is approximately $27,000.00.

The permit has been taken out as of this date. Mr. Mumper (architect) will contact you regarding some of the changes we made.

I am enclosing a quotation from the Quiggin Company which came to me when they estimated the heating.

Very truly yours
(signed) H. B. Durkee
H. B. DURKEE

THD:HBD

The defendant returned a copy of plaintiff's letter, signed as indicated above.

At the time these letters were exchanged, setting forth the understanding of the parties, certain plans and specifications had been prepared by one Richard D. Mumper designated as a designer. He was not a registered architect. These plans, however, because of basic defects, were revised in some material respects after the construction work was under way, which changes in part, at least, were spoken of in the preliminary talks.

At the time of the agreement between the parties, the plans and specifications were incomplete and did not completely demonstrate the building the defendants desired to be built.

The first question presented by this appeal is whether or not the plaintiff corporation was to be paid for its work on a cost plus fee basis or was it to build the building for the definite price of $27000.00 plus $2700.00 for overhead and profit?

The letter which was signed by both parties states clearly that the plaintiff was to be paid on a cost plus fee basis. Most of the provisions of the letter, directing what should be included in the cost, would be meaningless if the agreement was for a fixed sum. The defendants' letter returning the signed agreement does not, in fact, dispute these provisions but only suggests that it was expected that the part of the work to be done by the plaintiff was to cost about $27,000.00. This was an estimate only. The conduct of the parties gives support to this interpretation of the agreement as is also true of the defendants' pleadings and evidence.

On cross-examination, Harvey B. Durkee said:

"Q. This letter says 'the contractor is to have full charge of the work, with the exception of heating, wiring and kitchen equipment, which will be let directly by the owner. The balance of the work is to be a cost-plus-affixed-fee bases. The fee agreed upon is $2700.00.' Now, then, Mr. Durkee, if Mr. Burton had agreed to build this house for $27,000.00 plus the fee, why didn't you say so in writing?

A. Because I gave him the privilege of working near that price.

Q. In other words, it was a cost-plus-job, and not a fixed-price job?

A. I think so, approximately; we used the approximate price of $27,000.00 as I stated in my letter to Mr. Burton.

Q. You are merely claiming that Mr. Burton did give you an estimate of $27,000.00 and that you are entitled to rely upon that estimate; is that right?

A. Yes."

We must conclude, therefore, that the court's finding and judgment that there was an agreement to build the defendants' residence for a definite price is not supported by credible evidence and cannot be sustained.

By the clear and undisputed admissible evidence, the defendants agreed to pay the plaintiff for the construction of their residence on a cost plus fee basis. Where the parties to a building contract in which the builder is to be paid on a cost plus fee basis, and before the job is completed, a dispute arises as to the amount then due, and because of the non-payment of the bills submitted as provided by the contract, the contractor refuses to proceed further and withdraws from the job, if such withdrawal is legally justified upon the facts, the owner is liable to the builder for the actual cost incurred to the date of the termination of the agreement, together with the fee provided for in the contract, if that was a definite amount, provided the builder has not been guilty of malfeasance, extravagance, wastefulness or negligence in the prosecution of the work and has proceeded with reasonable dispatch and due diligence to accomplish the provisions of the contract.

Having come to the conclusion that by the undisputed evidence the contract was on a cost plus fee basis, and entering the judgment which the trial court should have entered on that issue, that the contract was one for cost plus fee basis, we must, of necessity, reverse the trial court on the other issues presented by defendants' answer to plaintiff's petition, and by plaintiff's answer to defendants' cross-petition, as being contrary to the law of the case, it being evident that the defendants can have no cause of action on their cross-petition where the contract was on a cost plus fee basis.

The case is therefore remanded for retrial on the issues of the balance due to the plaintiff from the defendants, upon the rules of law hereinbefore set forth.

Judgment reversed and cause remanded. Exc. Order see journal.

HURD, J, THOMPSON, J, concur.